UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DERRICK GRANTLEY,**

    **Plaintiff,**

**v.**                              **Case No.  3:25-cv-1881-TKW-ZCB**

**M. BALTZELL, et al.,**

    **Defendants.**

                                    /

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 16) and Plaintiff's objection (Doc. 21). The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to fully disclose his litigation history as required by the court-mandated complaint form. *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

The Court did not overlook Plaintiff's argument that he should be excused from providing a complete answer to the litigation history question because he is in "imminent danger of serious physical injury" and he satisfied the purpose of the question by reporting that he had three prior "strikes." That argument is not persuasive because there is no "imminent danger exception" to a party's obligation

to provide full and complete information to the Court. Also, as the magistrate judge explained, the litigation history question not only enables the Court to determine if the plaintiff is a "three striker," but it also allows the Court to determine whether the suit is related to another pending case or if any of the issues raised in the complaint have been raised or decided in a prior case. *See* Doc. 16 at 7 (explaining that "[t]hese purposes are thwarted, and the efficiency of the judicial system [is] diminished, when a prisoner misstates his litigation history on the complaint form.")

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to fully disclose his litigation history.

3. The Clerk enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 2nd day of March, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**